People v Evans (2025 NY Slip Op 05164)

People v Evans

2025 NY Slip Op 05164

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Scarpulla, J.P., Friedman, González, Shulman, Rosado, JJ. 

SCI No. 70258/23|Appeal No. 4764|Case No. 2024-01075|

[*1]The People of the State of New York, Respondent,
v
Joseph Evans, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Rashad Moore of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Andrew J. Loizides of counsel), for respondent.

Order, Supreme Court, Bronx County (Linda Poust-Lopez, J.), entered on or about January 23, 2024, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed defendant 20 points under risk factor 3. Although the Superior Court Information charged defendant with a sex offense against only one of his sisters, the medical reports, domestic incident reports, and the SORA Board's case summary established by clear and convincing evidence that defendant raped both of his sisters (see People v Snay, 122 AD3d 1012, 1013 [3d Dept 2014], lv denied 24 NY3d 916 [2015]; see also People v Mingo, 12 NY3d 563, 571-574 [2009]).
The court also properly assessed defendant 20 points under risk factor 4. In her domestic incident report and medical records, the 14-year-old victim told police and medical staff that defendant had raped her several times a week since she was 12 years old. Thus, the record before the court provided clear and convincing evidence that defendant had committed "three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; see People v Nieves, 184 AD3d 515 [1st Dept 2020], lv denied 35 NY3d 916 [2020]).
The court providently exercised its discretion in denying defendant's request for a downward departure (see People v Gilotti, 23 NY3d 841, 861 [2014]). The RAI adequately took into account the mitigating factors presented by defendant (see People v Watson, 112 AD3d 501, 503 [1st Dept 2013], lv denied 22 NY3d 863 [2014]). In any event, the seriousness of defendant's underlying conduct and his criminal history justified the level three sex offender adjudication and outweighed any mitigating factors (see People v Stuckey, 174 AD3d 454, 455 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025